IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:05CV24

| | |
|---|---|
| GENE SURLES CORPENING, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LARRY LEDER, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the following motions and memoranda: (1) United States' Motion to Dismiss and Memorandum in Support, both filed April 26, 2005 [Document #5] ; (2) Plaintiff's Motion to Vacate and Strike Motion to Dismiss and Response in Opposition to Defendant's Motion to Dismiss, filed May 19, 2005 [Document #6]; (3) United States' Response to Plaintiff's Motion to Vacate and Strike Motion to Dismiss, filed May 31, 2005 [Document #7]; (4) Plaintiff's Reply to Motion to Vacate and Strike Motion to Dismiss, filed June 6, 2005 [Document #8]; (5) Plaintiff's Motion to Strike and Vacate United States' Motion to Dismiss for Lack of Standing, filed September 12, 2005 [Document #9]; (6) Plaintiff's Motion for Court to Take Judicial Notice, filed September 12, 2005 [Document #10]; (7) Affidavit of Plaintiff, filed September 12, 2005 [Document #11]; (8) Affidavit of Service for Subpoena Duces Tecum, filed October 24, 2005 [Document #12]; and (9) Plaintiff's Response to United States' Objection to Plaintiff's Subpoena and Plaintiff's Motion to Enforce Subpoena, filed November 15, 2005 [Document #13]. These Motions are now ripe for disposition by the Court.

1

Having carefully considered the arguments of the parties, the record, and the applicable authority, the Court will <u>grant</u> the United States' Motion to Dismiss, <u>deny</u> Plaintiff's Motion to Vacate and Strike United States' Motion to Dismiss, <u>deny</u> Plaintiff's Motion to Strike and Vacate United States' Motion to Dismiss for Lack of Standing, <u>deny</u> Plaintiff's Motion for Court to take Judicial Notice, and <u>deny</u> Plaintiff's Motion to Enforce Subpoena.

## I. FACTUAL AND PROCEDURAL HISTORY

For purposes of this Motion to Dismiss, the Court accepts the following facts derived from Plaintiff's Complaint as true. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 189 (4th Cir. 2002) (noting that "at the motion to dismiss stage, a court must accept the allegations in the complaint as true and view the complaint in the light most favorable to the plaintiff").

Plaintiff Gene Surles Corpening ("Plaintiff") is a citizen of the United States and lives in Caldwell County, North Carolina. (Compl. ¶ 4). Defendant Larry Leder is an Internal Revenue Service ("IRS") agent and "at all times relevant to this complaint, was presumably employed by the IRS and acting under color of law in his individual capacity." (*Id.* ¶ 5).

On July 7, 2003, pursuant to 26 U.S.C. § 6331, Defendant Leder issued a Notice of Levy to Centura Bank. (*Id.* ¶ 12). On September 19, 2003, Centura Bank complied with the Notice of Levy and turned over $1,417.78 from Plaintiff's bank account to the Internal Revenue Service. (*Id.* ¶13, prayer for relief). Moreover, on August 27, 2003, pursuant to 26 U.S.C. § 6331, Defendant issued a Notice of Levy to "E Trade Clearing LLC." (*Id.* ¶ 14). On September 5, 2003, E Trade Clearing LLC complied with the Notice of Levy "issued under color of law" and turned over $2,667.00 from Plaintiff's stock account to the Internal Revenue Service. (*Id.* ¶¶ 14,

15). Additionally, during 2004, First National Bank received a Notice of Levy but did not provide the Internal Revenue Service with funds from Plaintiff's account. ( *Id.* ¶ 16).[1]

Due to Defendant's issuance of the Notices of Levy and the resulting loss of funds from Plaintiff's bank and stock accounts, on February 23, 2005, Plaintiff filed a *pro se* Complaint. Plaintiff's Complaint names Internal Revenue Service Agent Larry Leder in his individual capacity as a defendant. ( *Id.* ¶ 5).

Plaintiff alleges four causes of action against Defendant Leder. Plaintiff first brings a claim against Defendant for failing to charge the proper authorities within the IRS to acquire the proper authorization to seize private property, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure. ( *Id.* ¶ 18). Plaintiff's second cause of action is also pursuant to the Fourth Amendment, in which he alleges that Defendant violated his right to be free from unreasonable searches and seizures. ( *Id.* ¶ 19). Plaintiff further charges Defendant with violating Plaintiff's Fifth and Fourteenth Amendment rights by either physically assisting or assisting others in obtaining Plaintiff's property through the use of a false filing. ( *Id.* ¶ 20). Finally, Plaintiff argues that by purposely omitting any reference to 26 U.S.C. § 6331(a) on the Notice of Levy form, Defendant concealed the fact that the pertinent statute applies only to federal employees and not to private citizens. ( *Id.* ¶ 21). For these violations, Plaintiff seeks to recover compensatory and punitive damages, as well as attorneys' fees and declaratory relief.[2]

---

[1] Defendant advises the Court that the IRS levied on Plaintiff's bank accounts in order to collect Plaintiff's unpaid income tax liabilities. (Def. Mem. in Supp. of Mot. to Dismiss p. 2). Plaintiff does not dispute the purpose for the levies.

[2] Evidently Plaintiff believes that he is not subject to paying Federal income taxes because he is not a "citizen of the United States" and does not live in a federal area over which Congress has jurisdiction relative to the Internal Revenue Code. (Pl. Aff. ¶¶ 57). However, the law is clear that federal income tax laws are constitutional and apply to all citizens of the United States. *See, e.g., United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993)

## II. DISCUSSION

Defendant Leder contends that Plaintiff's Complaint should be dismissed because: (1) Plaintiff improperly named IRS employees as defendants; (2) the United States has not waived sovereign immunity; and (3) Plaintiff's Complaint fails to state a claim upon which relief can be granted.[3]

**A.      Defendant's Motion to Dismiss**

   **1.      Standard of review**

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a plaintiff's complaint. *Suarez v. Charlotte-Mecklenburg Schs.*, 123 F. Supp. 2d 883, 885-86 (W.D.N.C. 2000) (*citing Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). In considering a Rule 12(b)(6) motion to dismiss, the court must take the allegations in the complaint as true and construe the facts alleged in the complaint in the light most favorable to the plaintiff. *GE Inv. Private Placement v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting that a court must take the facts in the light most favorable to the non-movant in considering a Rule 12(b)(1) motion and the plaintiff is entitled to the same procedural protections he would receive under Rule 12(b)(6)). "[Dismissal may occur] only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Jackson v. Blue Dolphin Commc'ns of

---

(rejecting argument that federal income tax is unconstitutional and voluntary); *United States v. Solan*, 939 F.2d 499, 500-01 (7th Cir. 1991) (finding person who claims to be "freeborn, natural individual, a citizen of the State of Indiana" is subject to federal tax code; all individuals must pay federal income tax on their wages).

[3]Although Plaintiff names Larry Leder and "any and all Does" as defendants, Plaintiff only served the Complaint and Summons on Defendant Leder. Consequently, this matter is dismissed with prejudice against "any and all Does" for failure to prosecute. Fed. R. Civ. P. 4(m).

4

*N.C, L.L.C.*, 226 F. Supp. 2d 785, 788-89 (W.D.N.C. 2002) (brackets in original) (*quoting Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997)).  Viewing the facts in the light most favorable to the non-movant is especially important when the movant seeks to dismiss a complaint filed by a *pro se* plaintiff.  *Suarez*, 123 F. Supp. 2d at 886.  Since often in a *pro se* case the issues are not clearly articulated, there is a greater burden on the district court to ensure that constitutional deprivations are redressed.  *Id.*

To survive a Rule 12(b)(6) motion, "a complaint need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged occurrence and which, if proven, will justify some form of relief."  *Jackson*, 226 F. Supp. 2d at 789 (citation omitted).  A motion to dismiss is not limited to claims of law which are obviously unsupportable; rather if, as a matter of law, it is obvious that no relief could be granted under any set of facts alleged by the plaintiff, the claim must be dismissed.  *Id.* (*quoting Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827 (1989)).  Furthermore, the burden placed on a district court faced with a *pro se* plaintiff is that of "examin[ing] the *pro se* complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or head of jurisdiction in the federal arsenal for redress of constitutional deprivations."  *Suarez*, 123 F. Supp. 2d at 886.

Significantly, although a court must accept as true all material factual allegations in the complaint, the court does not need to accept a plaintiff's "conclusory allegations regarding the legal effect of the facts alleged."  *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).

### 2. **Constitutionality of the levy process**

As alleged by Plaintiff, Defendant Leder issued a Notice of Levy to Centura Bank, E

Trade Clearing LLC, and First National Bank regarding Plaintiff's bank and stock accounts. Plaintiff maintains that such Notices were fraudulent.[4]

> As clearly stated by the United States Supreme Court:
>
> The levy is a provisional remedy and typically "does not require any judicial intervention" . . . The governing statute is § 6331(a). . . . It authorizes collection of the tax by levy which, by § 6331(b), "includes the power of distraint and seizure by any means." In the situation where a taxpayer's property is held by another, a notice of levy upon the custodian is customarily served pursuant to § 6332(a). This notice gives the IRS the right to all property levied upon, . . . and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government. . . . If the custodian honors the levy, he is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment." § 6332(d). If, on the other hand, the custodian refuses to honor a levy, he incurs liability to the Government for his refusal. § 6332(c)(1). . . . The constitutionality of the levy procedure, of course, "has been long settled."

*United States v. National Bank of Commerce*, 472 U.S. 713, 720-21 (1985). Moreover, "[i]t is well established that a bank account is a species of property 'subject to levy,' within the meaning of §§ 6331 and 6332." *Id.* at p. 721. Additionally, the Secretary of the Internal Revenue Service "or his delegate" has the authority to issue levies. 26 U.S.C. §§ 6331, 7701(a)(11)(B). As used here, the phrase "or his delegate" is defined as any officer, employee, or agency of the Treasury Department who is authorized to perform the given duty either directly or indirectly, through one or more re-delegation of authority. 26 U.S.C. § 7701(a)(12).

Here, Plaintiff does not allege how the Notices of Levy were fraudulent, other than to state that Defendant Leder issued such Notices without authorization to seize Plaintiff's property. (Compl. ¶ 25). However, as admitted to by Plaintiff, Defendant Leder is an IRS employee. (*Id.* ¶

---

[4]Significantly, Plaintiff did not attach copies of these Notices of Levy to his Complaint.

5). Therefore, Defendant Leder was authorized to issue such Notices of Levy. *See* 26 U.S.C. §§ 6331, 6332, 7701(a)(11)(B), and 7701(a)(12).[5]

### 3. Dismissal of claims against Defendant Leder

As noted by Defendant, "[i]t is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *see also Skala v. Johnson*, No. 3:98CR173, 1998 WL 681486, at *2 (W.D.N.C. 1998) (unpublished) (noting where United States has not waived immunity, dismissal of the suit against the United States is required) (citing *Gilbert*, 756 F.2d at 1458). Moreover, a plaintiff cannot avoid the bar of sovereign immunity by naming officers and employees of the United States as defendants. *Id.*

Here, Plaintiff maintains that this lawsuit is brought against Defendant Leder individually, and not in Defendant's official capacity as an IRS employee. (Pl. Resp. pp. 3-4). Plaintiff argues that Defendant is liable in his individual capacity "under this Bivens (Title 42, § 1983) action." (*Id.* p. 4).

Plaintiff correctly states that government officials can be sued in their individual capacities for violations of a citizen's constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, even where a government official is sued in his individual capacity, he may be protected from such suit by qualified

---

[5]Plaintiff further claims that by Defendant Leder purposely omitting any reference to Title 26 U.S.C. § 6331(a) on the reverse side of the Notices of Levy issued in this matter, Defendant concealed the fact that Section 6331(a) only applies to Federal employees and not to private citizens. Plaintiff is incorrect. As clearly stated in Section 6331, "[i]f *any person* liable to pay tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property. . . ." (emphasis added). Therefore, Section 6331 applies to both private citizens and federal employees.

7

immunity. Specifically, where a government official is performing a discretionary function, such official is shielded from liability for civil damages when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Qualified immunity protects all government officials unless the law "clearly prohibited" the action taken. *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991). The purpose of qualified immunity is to "remove most civil liability actions, except those where the official clearly broke the law, from the legal process well in advance of the submission of facts to a jury." *Id.*

In the instant case, Plaintiff's Complaint does not allege any facts (as opposed to conclusory allegations) to support the alleged violations by Defendant Leder. Plaintiff merely alleges Defendant violated his rights under several provisions of the United States Constitution. (*See* Compl. ¶¶ 18-21). Plaintiff states that his "Fourth Amendment rights to be free from unreasonable seizure were violated when the said federal actors (Defendants) did not charge the proper authorities within the IRS to acquire the proper authorization to seize private property with probable cause and a judicial determination (due process), and then did not inform and coordinate their activities within the law." ( *Id.* ¶ 18). Plaintiff further maintains that his "Fourth Amendment rights to be secure in his house, papers, and effects from unreasonable or violent unprovoked attacks, as unreasonable searches and seizures by defendants were violated by each and every Defendants' actions either directly or indirectly." ( *Id.* ¶ 19). Moreover, Plaintiff contends that his "Fifth and Fourteenth Amendment rights to due process were violated by Defendant who either physically assisted in this abduction of Plaintiff's personal property or who was assisted by others. . . ." (*Id.* ¶ 20). Additionally, according to Plaintiff, "[b]y purposely

omitting any reference to Title 26, U.S.C., [sic] § 6331(a) on the reverse side of the fraudulent IRS Notice of Levy (form 668A(c)), Defendants concealed the fact that Title 26, U.S.C., [sic] § 6331 Levies apply only to Federal Employees and not to private Citizens." ( *Id.* ¶ 21).

These allegations are all conclusory in nature and Plaintiff's Complaint does not contain facts from which a reasonable person could conclude that Defendant violated a "clearly established" constitutional or statutory right. Therefore, Defendant Leder is entitled to qualified immunity from suit in his individual capacity and Defendant's Motion to Dismiss is <u>granted</u>. [6]

**B.      Plaintiff's Motion to Vacate and Strike Defendant's Motion to Dismiss**

Plaintiff argues that since the United States was not named as a Defendant, counsel for the United States trespassed on the case as an "interloper" and, consequently, the United States' Motion to Dismiss is irrelevant and should be vacated and stricken.

Although Plaintiff did not specifically name the United States as a defendant, he did name IRS employee Larry Leder, Operations Manager of the Automated Collection Service in Philadelphia. Generally speaking, the United States and not its employee is the proper party in suits based on actions taken by an IRS employee. *See Atkinson v. O'Neill*, 867 F.2d 589, 589-90 (10th Cir. 1989) (stating that a suit against an official of an agency of the United States for official acts is deemed to be a suit against the United States); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (same). Although Plaintiff sued Defendant Leder in his individual capacity, since Defendant Leder was acting in his capacity as an IRS employee when executing the Notices of

---

[6] Even if the Court liberally construed Plaintiff's Complaint to state a Section 7433 action for failure of an IRS officer to follow the Internal Revenue Code, such action would also have to be dismissed because Section 7433 requires exhaustion of administrative remedies as a precursor to jurisdiction in this Court. Plaintiff has not presented any evidence that he availed himself of *any* administrative remedies.

9

Levy, which constitute the basis for Plaintiff's Complaint, the United States has standing to represent Defendant Leder.

Moreover, since the Court granted Defendant's Motion to Dismiss and for the reasons stated in Section A.3 supra, Plaintiff's Motion to Vacate and Strike Defendant's Motion to Dismiss is <u>denied</u>.

C.  **Plaintiff's Motion to Vacate and Strike Defendant's Motion to Dismiss for Lack of Standing**

Plaintiff argues that unless the United States can show: (1) "a delegation of authority from Congress to the Secretary and from the Secretary to the Commissioner on down to the Defendants by position and pay grade which 'expressly' authorizes Defendants to administer and enforce internal revenue laws outside the boundaries of 'the District of Columbia' or within the several 50 union states;" or (2) absent the existence of such authority, "evidence of authority conferred by Congress upon the Department of Justice down to Counsel by position and pay grade to represent Defendants in their individual capacity when they act outside their scope of authority under color of law," then all pleadings and motions filed by the United States should be stricken and vacated.

However, since the Court granted Defendant's Motion to Dismiss and for the reasons stated in Sections A.3 and B supra, Plaintiff's Motion to Vacate and Strike Defendant's Motion to Dismiss for Lack of Standing is hereby <u>denied as moot</u>.

D.  **Plaintiff's Motion for Court to Take Judicial Notice**

Plaintiff asks the Court to take judicial notice of the Exhibits attached to his Motion to Strike and Vacate United States' Motion to Dismiss for Lack of Standing, which includes a copy

of 26 C.F.R. § 301.7701-9, 4 U.S.C. § 72, Treasury Order 150-01, and TDO 150-10.

Since this Court granted Defendant's Motion to Dismiss, Plaintiff's Motion for the Court to Take Judicial Notice is denied as moot.

E.     **Plaintiff's Motion to Enforce Subpoena**

Plaintiff further asks the Court to enforce a subpoena served by Plaintiff on counsel for the United States. Since this Court granted Defendant's Motion to Dismiss, Plaintiff's Motion to Enforce Subpoena is denied as moot.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that the United States' Motion to Dismiss is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate and Strike United States' Motion to Dismiss is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike and Vacate United States' Motion to Dismiss for Lack of Standing is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court to take Judicial Notice is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Subpoena is hereby **DENIED AS MOOT.**

Signed: February 9, 2006

Richard L. Voorhees
Chief United States District Judge